IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deborah Mitchell,             :

    Plaintiff,         :

  v.                        :   Case No. 2:06-cv-0525

Home Echo Club, Inc., et al., :   JUDGE MARBLEY

    Defendants.        :

ORDER

On March 12, 2009, plaintiff filed a second motion pursuant to Fed.R.Civ.P. 55(b) requesting that the Court enter a default judgment against both defendants in the amount of $3,245.48 plus costs and attorney's fees. The Court directed plaintiff's counsel to file an affidavit addressing the factors to be considered in determining whether to award attorney's fees in an ERISA case. Plaintiff subsequently withdrew her request for attorney's fees after discovering that the defendants had apparently filed a petition in bankruptcy. The Court then ordered plaintiff to submit copies of defendants' bankruptcy petition and to provide the status of those proceedings in order to determine whether entry of a default judgment would violate the automatic stay imposed by 11 U.S.C. §362(a).

On May 4, 2009, plaintiff filed a notice regarding evidence of defendants' bankruptcy proceedings. Attached to this notice are copies of the chapter 11 petition, statement of financial affairs and bankruptcy schedules of Home Echo Club, Inc. aka Echo Manor Extended Care Center filed on November 14, 2005. Plaintiff is not listed as a creditor in defendants' bankruptcy schedules. Also attached to the notice is a copy of the order dismissing that case entered June 29, 2006. Plaintiff commenced this action

on June 23, 2006, while defendants' chapter 11 case was pending and the stay was in effect. However, neither plaintiff nor her counsel received notice of the bankruptcy filing even after plaintiff's counsel sent a demand letter to defendants' principal, William Johnson on December 14, 2005. In his response to the demand letter dated January 5, 2006, Mr. Johnson makes no mention of the bankruptcy filing. Thus, it does not appear that plaintiff or her counsel was aware of the bankruptcy at the time the complaint was filed. The stay expired when the case was dismissed. See §362(a)(2)(B).

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a voluntary petition in bankruptcy stays the commencement or continuation of a judicial proceeding against the debtor to recover a claim that arose prior to the commencement of the bankruptcy proceeding. Actions taken in violation of the stay are generally void even where the creditor has no notice. See Smith v. First America Bank (In re Smith), 876 F.2d 524, 525-26 (6th Cir. 1989). The Sixth Circuit subsequently held, however, that actions taken in violation of the stay are "voidable" rather than "void." See Easley v. Pettibone Mich. Corp., 990 F.2d 905 (6th Cir. 1993). The Easley court suggested that "where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, ... the protections of section 362(a) [will] be unavailable to the debtor." Id. at 911.

The Court concludes that the present action falls under the exception elucidated in Easley. The attachments to plaintiff's notice evidence that defendants unreasonably withheld notice of the stay by not listing plaintiff in the bankruptcy schedules and by failing to inform plaintiff's counsel of the bankruptcy after receiving plaintiff's demand letter. It is also clear that plaintiff would be prejudiced if the stay were to void the filing

2

of her complaint.  Such prejudice would include the additional costs and attorney's fees which would be incurred by the re-filing of this action.  The Court is further cognizant of the fact that the stay no longer is in effect and that despite service of the complaint and summons, defendants have elected not to file an answer or otherwise assert that the automatic stay should operate to nullify the commencement of this case.

Based on the foregoing, the motion for default judgment (#13) is **GRANTED**.  Judgment shall be entered pursuant to Fed.R.Civ.P. 55(b) in favor of plaintiff Deborah Mitchell in the amount of $3,245.48 plus costs in the amount of $350.00.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge